Barbara J. **MODLIN**,
Employee-Appellant,

v.

**SUN MARK, INC.**,
Employer-Respondent,

and

**Kemper Insurance Company**,
Insurer-Respondent.

No. 49422.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 1985.

Motion for Rehearing and/or Transfer
Denied Aug. 28, 1985.

Application to Transfer Denied
Oct. 16, 1985.

---

**232**

Morris B. Kessler, St. Louis, for employee-appellant.

James A. Thoenen and Evans & Dixon, St. Louis, for employer-respondent.

CRIST, Judge.

In this Worker's Compensation case, Barbara J. Modlin (claimant) appeals from a $7,200.00 award of the Labor and Industrial Relations Commission affirming the award of an Administrative Law Judge. We affirm.

Claimant's finger became caught in a roller, causing injury to her arm, shoulder and neck. At the time of the injury, claimant suffered from pre-existing Crohn's disease and lower back problems. Pursuant to her claim for compensation, the Administrative Law Judge found claimant sustained permanent partial disability of 12½% of the body as a whole with reference to the cervical area, as a result of her accident. The Administrative Law Judge found claimant had pre-existing disability equivalent to 30% of the body as a whole

with reference to her Crohn's disease, and 20% disability of the body as a whole with reference to her lower back problems. The Administrative Law Judge further found that the cervical injury, combined with the pre-existing disabilities, gave claimant an additional disability of 7½% of the body, payable from the Second Injury Fund. The award made no provision for additional temporary disability or future medical treatment.

Claimant asserts the award was inadequate, should have provided for future medical expenses, failed to provide for subsequent events and failed to award a penalty against the employer for failing to comply with a state safety statute.

The order of the Labor and Industrial Relations Commission is supported by competent and substantial evidence on the entire record. No error of law appears. An opinion would have no precedential value.

Affirmed in accordance with Rule 84.-16(b).

DOWD, P.J., and CRANDALL, J., concur.